IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 APR 26 PM 4: 27

CLERK-ALBUQUERQUE

ALFRED BAIN,

    Plaintiff,

vs.    CIV 03-0036 WPJ/KBM

CITY OF ALBUQUERQUE and
E.O. GUEVARA and P.K. APODACA,
in their individual and official capacities as
employees of the City of Albuquerque,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE IV: MOTION TO EXCLUDE TESTIMONY REGARDING PLAINTIFF'S CHILDHOOD ABUSE

**COME NOW**, Defendants Officer Guevara and Sergeant Patrick Apodaca, by and through Assistant City Attorney, Beatrice J. Brickhouse, and pursuant to Fed. R. Evid. 401, 402, and 403 and hereby move for the exclusion of testimony by any and all witnesses as to Plaintiff's childhood.

Defendants anticipate that during trial Plaintiff will attempt to introduce testimony through himself and his witnesses regarding his bad childhood. Specifically, Plaintiff may try to introduce evidence of abuse by a stepparent and while in foster care.

The evidence and testimony has no logical relevancy to the claims at issue. Plaintiff has filed claims against the Defendants for wrongful arrest, excessive force, and malicious prosecution. Testimony regarding Plaintiff's childhood experiences is not "of consequence to the determination of the action." Fed. R. Evid. 401. Moreover, at the time of the subject

47

incident, February 25, 2002, Plaintiff was 46 years old. Therefore, the remoteness of his childhood experiences is also not material to the lawsuit or likely to prove or disprove his claims that arose in 2002 against Officer Guevara or Sergeant Apodaca.

Even if the Court finds that the evidence is admissible under Rule 401, the evidence should be excluded under Rule 403 as being unfairly prejudicial. Because the evidence does nothing to advance a determination of the claims and their merit, the only reason Plaintiff will introduce the evidence is to engender sympathy from the jurors and appeal to the passion and prejudice of the jury. Such evidence, if presented to the jury, is misleading and will not aid or assist the jury in making a material determination in this case. See McEwen v. City of Norman, Oklahoma, 926 F.2d 1539, 1549-50 (10th Cir. 1991).

Presenting evidence for the sole purpose of eliciting sympathy from jurors is improper and contrary to the law. In this Court's stock jury instructions, jurors are specifically instructed that "sympathy ...for a party should not affect your verdict...." Stock Civil Jury Instructions, Compensatory Damages, General.

WHEREFORE, Defendants respectfully request that this Court grant their Motion in Limine IV and exclude any testimony and evidence of Plaintiff's childhood abuse and experiences and order all other relief that the Court deems just and proper.

Respectfully Submitted,

CITY OF ALBUQUERQUE
Robert M. White
City Attorney

_____
Beatrice J. Brickhouse
Assistant City Attorney
Attorney for Defendants
P. O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500

2

I hereby certify that a true copy
of the foregoing was sent via
e-mail to the following counsel of
record:

Phillip B. Davis, Esq.
814 Marquette NW
Albuquerque, NM 87102
(505) 242-1904, FAX (505) 242-1864
davisp@swcp.com

and mailed to the following
counsel of record:

Sigmund L. Bloom, Esq.
712 Marquette Ave SW
Albuquerque, NM 87102
(505) 247-0774, FAX (505) 247-0776

*Attorneys for Plaintiff*

on this 26th day of April, 2004.

_____
Beatrice J. Brickhouse
Assistant City Attorney

Pleading Separator Sheet USDC NM

edavis   Case Number: 3cv36

Bain, Albuquerque,Cityof

Document #:   48



3cv36+48+2004-04-26

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 APR 26 PM 4: 27

CLERK-ALBUQUERQUE

ALFRED BAIN,

    Plaintiff,

vs.                                  CIV 03-0036 WPJ/KBM

CITY OF ALBUQUERQUE and
E.O. GUEVARA and P.K. APODACA,
in their individual and official capacities as
employees of the City of Albuquerque,

    Defendants.

## DEFENDANTS' MOTION IN LIMINE V: MOTION TO EXCLUDE EVIDENCE OF PLAINTIFF'S LITERACY AND MENTAL APTITUDE

    Defendants, by and through Assistant City Attorney, Beatrice J. Brickhouse, and pursuant to Fed. R. Evid. 104, 401, 402, and 403 hereby moves the Court to exclude Plaintiff from presenting any testimony regarding Plaintiff's illiteracy and mental aptitude. As grounds, Defendants state:

    1.    Introduction of testimony regarding Plaintiff's illiteracy and mental aptitude is inadmissible pursuant to Fed. R. Evid. 104, 401, 402, and 403;

    2.    Plaintiff opposes this motion;

    3.    Pursuant to D.N.M.LR-Civ. 7, a memorandum in support of this motion is submitted simultaneously herewith.

    **WHEREFORE,** Defendants respectfully request that this Court grant Defendants' Motion in Limine No. V and thereby exclude any and all testimony regarding Plaintiff's

illiteracy and mental aptitude and order all other relief that the Court deems just and proper.

                Respectfully Submitted,

                CITY OF ALBUQUERQUE
                Robert M. White
                City Attorney

                _____
                Beatrice J. Brickhouse
                Assistant City Attorney
                Attorney for Defendants
                P. O. Box 2248
                Albuquerque, New Mexico 87103
                (505) 768-4500

I hereby certify that a true copy
of the foregoing was sent via
e-mail to the following counsel:

Phillip B. Davis, Esq.
814 Marquette NW
Albuquerque, NM 87102
(505) 242-1904, FAX (505) 242-1864
davisp@swcp.com

and mailed to the following
counsel of record:

Sigmund L. Bloom, Esq.
712 Marquette Ave SW
Albuquerque, NM 87102
(505) 247-0774, FAX (505) 247-0776

*Attorneys for Plaintiff*

on this 26th day of April, 2004.

_____
Beatrice J. Brickhouse
Assistant City Attorney

2