# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALFRED BAIN,

      Plaintiff,

v.                                                                                           Civil No. 03-0036 WPF/KBM

CITY OF ALBUQUERQUE and
E.O. GUEVARA and P.K. APODACA,
in their individual and official capacities as
employees of the City of Albuquerque,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion in Limine to Exclude Evidence of Reasons Why Criminal Charges Against Bain Were Dismissed, filed April 26, 2004 **(Doc. 36)** and Defendants' Motion in Limine No. II: Exclusion of Evidence Regarding Results from Plaintiff's Criminal Case, filed April 26, 2004 **(Doc. 42)**.[1] Having considered the parties briefs, their oral arguments on the matter, and the applicable law, I find that both motions will be denied – i.e., the evidence sought to be excluded by both parties will be admitted.

Plaintiff has alleged, as one of his claims, Fourth Amendment malicious prosecution. Defendant Guevara filed a criminal complaint against Plaintiff, charging him with Assault Upon a Peace Officer and Resisting Arrest. Guevara was unable to testify on these charges because he was on medical leave after a suspect shot him in the leg about a month after he filed the charges against Plaintiff. The charges against Plaintiff were later dismissed without prejudice because of

---

[1] Rulings were previously deferred on these motions. See Doc. 71.

the uncertainty as to when Guevara, who was the primary police officer involved in the bringing of those charges, could return to duty and testify in court against Plaintiff. For whatever reason, charges were not refiled against Plaintiff.

The parties' motions mirror each other. Plaintiff intends to introduce the fact that the charges against Bain were dismissed, but seeks to exclude evidence of the reasons *why* the criminal charges were dismissed. Ideally, Defendants want to exclude the fact of dismissal altogether; but if the Court decides to admit evidence of the dismissal of the criminal case, they request that Defendant Guevara be allowed to testify as to the circumstances surrounding the dismissal.

In order to determine what elements should be included in a § 1983 claim for malicious prosecution, courts -- including our circuit -- have looked to the general common law rather than to the law as defined by the jurisdiction where the action originated. See, Heck v Humphrey, 512 U.S. 477, 483 (1994) (using common law of malicious prosecution for § 1983 claim); Pierce v. Gilchrist, et al., 359 F.3d 1279 (10th Cir. 1004) (the term "common law" refers "not to the specific terms of the tort law of any particular state, but to general principles of common law among the several states," relying on Oklahoma law only as "starting point" for federal malicious prosecution claim); Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996) ("our circuit takes the common law elements of prosecution as the "starting point" for the analysis of a § 1983 malicious prosecution claim. . . .").

Plaintiff contends that the a § 1983 claim for malicious prosecution requires only a showing of the fact of dismissal, and not an inquiry into the underlying reasons. However, I find no support for this proposition, including the case cited by Plaintiff, Taylor, 82 F.3d at 1561-62.

2

To the contrary, a *favorable* termination has been understood to be a required element in the common law tort of malicious prosecution. See, Heck, 512 U.S. at 483 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding *in favor* of the accused") (emphasis added); see also, DeVaney v. Thriftway Marketing Corp., 124 N.M. 512 (1997), cert. denied, 118 S.Ct. 2296 (1998) (including "termination of such proceedings in plaintiff's favor").

Defendants, on the other hand, wish to throw the baby out with the bath water. The validity of an arrest is not undermined or otherwise affected by what happens as a result of the criminal prosecution, see Summers v. Utah, 927 F.2d 1165, 1166-67 (10th Cir. 1991). However, in the context of a federal malicious prosecution claim, the result is not irrelevant. Traditional common law, as stated above, included such an element. Even in analogous state tort law, such as New Mexico's newly-formed tort malicious abuse of process, the element has not been totally discarded. See, DeVaney, 124 N.M. 512, 520 (Although favorable termination is not an element of an action for malicious abuse of process, an unfavorable termination has significance in demonstrating the existence of probable cause); Weststar Mortgage Corp. v. Jackson, 133 N.M. 114, 124 (2002).

Since general common law contemplates the element of dismissal in a federal claim for malicious prosecution, evidence regarding the results from Plaintiff's criminal case will not be excluded. See Pierce, 359 F.3d at 1290 (the Fourth Amendment "cannot be circumscribed by state tort law") (citation omitted) Defendant's motion is therefore denied. Plaintiff's motion is also denied because the element of dismissal in a federal claim of malicious prosecution is not met by the mere fact of dismissal. However, evidence related to the reasons for the dismissal is

3

admissible with certain limitations, in light of the required balancing of admissible evidence under Fed.R.Evid. 403. Defendant may offer evidence that the state dismissed the charges without prejudice through no fault of either Plaintiff or Defendants, without including details of the circumstances concerning the work-related injury causing Guevara to be unavailable to testify. The Court will include a limiting instruction to the jury which provides a general explanation for the dismissal without prejudice thereby avoiding unfair prejudice to either party, confusion of the issues, or misleading the jury. This way of handling the matter also disposes of Plaintiff's other concern, which is that Guevara cannot testify because he lacks personal knowledge of the matter. Counsel for the parties can review my proposed instruction and I will entertain suggested revisions by counsel.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Reasons Why Criminal Charges Against Bain Were Dismissed **(Doc. 36)** is hereby DENIED, with certain limitations which are set forth above;

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. II: Exclusion of Evidence Regarding Results from Plaintiff's Criminal Case **(Doc. 42)** is DENIED for reasons set forth above.

_____
UNITED STATES DISTRICT JUDGE